# United States District Court

_____ DISTRICT OF _____

UNITED STATES OF AMERICA

V.

JORDAN McCARROLL

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 2004 M 0577 RBC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __December 15, 2004__ in __Barnstable__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

maliciously damage or destroy by means of fire any building or other personal or real property in whole or in part owned or possessed by the United States or any department or agency thereof.

in violation of Title __18__ United States Code, Section(s) __844(f)(1)__.

I further state that I am a(n) __Special Agent of the ATF__ and that this complaint is based on the following
                                        Official Title
facts:

See Affidavit of Joseph K. Granatino

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__DEC 17 2004__ at __6:41 pm__ at __Boston, Massachusetts__
Date                                                                City and State

ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, Joseph K. Granatino, having been duly sworn, on oath depose and state that:

**I.  INTRODUCTION**

1. I am a Special Agent assigned to the Boston Field Office of the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for more than 14 years. As an ATF Special Agent, I am responsible among other things for conducting investigations relating to the violation of federal firearms, arson and explosive laws, and have participated in numerous arson investigations.

2. I am aware based on my training and experience that Title 18, United States Code, Section 844(f)(1) makes it a federal offense for anyone to maliciously damage or destroy by means of fire any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof. Having so stated, I make this affidavit in support of a complaint charging Jordan McCarroll ("McCarroll") with arson in violation of 18 U.S.C. §844(f)(1), on December 15, 2004. This affidavit is also submitted in support of a search warrant for an automobile, to wit, a 1991 white Honda Accord, Massachusetts Registration Number 77MV50 ("the Honda"), and

McCaroll's residence, located at 147 County Street, Lakeville, Massachusetts which is more particularly described in paragraph 5 below.

3.   The statements contained in this affidavit are based on my own investigation and on information provided to me by other ATF agents, the National Park Service and local police officers.  In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts that I believe are sufficient to establish probable cause to believe that McCarroll has committed arson in violation of the statute and that evidence of that crime is located in the Honda and at 147 County Street, Lakeville, Massachusetts .

## II. DESCRIPTION OF AUTOMOBILE AND PREMISES:

4.   The Honda is a 1991 white Honda Accord, four-door sedan with a sun-roof and bearing Massachusetts Registration Number 77MV50.

5.   The structure at 147 County Street, Lakeville, Massachusetts is a single-family home, which sits on a lot approximately one-acre in size.  It is the only house on the lot.  It is a one-story ranch style building with brick facade, black shutters, and a shingled roof.  The structure has a screened-in porch protruding from the left side as the

building is viewed from County Street. The screened-in porch has light brown shingle siding. It appears that the primary entrance to the building is through the screened-in porch. There is a concrete driveway leading from County Street to the front of the screened-in porch. A concrete walkway leads from the driveway to the screened-in porch. The door to the screened-in porch is reached by climbing two steps. On the left side of the driveway near the street is black metal mailbox on a wooden post; the number "147" appears in white on both sides of the mailbox. To the left of the driveway, near the house, is a small wooden shed, approximately ten feet wide and ten feet long.

### III. ITEMS TO BE SEIZED

6. I seek a search warrant for the above-described automobile and premises because I believe probable cause exists to conclude that there is presently located within said automobile and premises the following, which is property that constitutes evidence of the commission of a criminal offense and property that is intended for use or has been used as a means of committing a criminal offense:

- A. Footwear that, based on size, may belong to McCarroll;
- B. Clothing that appears to contain traces of flammable

        liquid, based on whether an arson detection dog alerts to the presence of such flammable liquid;

C.    Dirt or debris that may have been transferred from the crime scene to the Honda or the search premises; and

D.    Any ignitable liquids and residual contamination by ignitable liquids on clothing, footwear, carpeting or surfaces of the Honda.

### SPECIFICS OF SEARCH AND SEIZURE OF AUTOMOBILE

7.    Based on my training and experience, the search of the Honda for evidence of the commission of an arson will require forensic examination of the interior and exterior of the car. Such examination will include the taking of cast impressions of tires and examination of the interior and exterior of the car for evidence of its use in the crime or presence at the crime scene. Such evidence may include fingerprints, traces of ignitable liquids, dirt and debris matching the crime scene, and scratches on the car consistent with vegetation surrounding crime scene. Because of the technical nature of such examination, the examination will be performed by ATF chemists in a controlled environment.

### IV.    EVIDENCE OF THE COMMISSION OF A CRIME

8.    Over the past several weeks, in cooperation with

officers of the Massachusetts State Police and the Dennis, Massachusetts Police Department, I have been involved in the investigation of several fires set at structures in the Town of Dennis. Since November 6, 2004, there have been ten such fires on Cape Cod. Most of the fires have been set at residences and businesses that were broken into before the fire was set. Most of the fires were set with the use of an accelerant, i.e. an ignitable liquid and had multiple points of origin.

9. One such fire occurred on November 27, 2004, at approximately 10:30 p.m. At that time, the Dennis Police Department responded to a report of a breaking and entering in Dennis and, upon arrival, found that the structure was on fire. A witness told police that, minutes earlier, he saw two white men with short hair, each approximately six feet tall running from the scene of the fire toward a dirt road behind the burning structure. The witness saw the two men get into what he believed to be white Honda Prelude with a sun roof and drive away. The witness believed the car to be a late 1980s or early 1990s model.

10. Within approximately four hours of the events described in paragraph 9 above, four additional fires were set at structures within one-eighth of a mile of the fire

described above.

11. On December 15, 2004 at approximately 7:20 p.m., Wellfleet police officers responded to a burglar alarm in the Town of Wellfleet, Massachusetts. While en route to the location of the burglar alarm, the officers observed tire tracks in the driveway of 286 Standish Street. The tracks were clearly visible because it had snowed recently. When the officers went to 286 Standish Road to investigate further, they discovered that the house at 286 Standish Road was on fire. Officers also found fresh footprints in the snow at 286 Standish Road. The police photographed the tire tracks in the driveway of the burning structure before the fire department arrived. Because fire vehicles drove over the tracks, the police were unable to obtain cast impressions of the tracks.

12. Inside of the house at 286 Standish Road, police observed that the fire had two distinct points of origin. One was in the basement where several mattresses had been stacked up next to a washer and dryer and ignited. The second was located on the first floor in a bedroom closet. An arson detection dog trained in locating accelerants alerted to presence of an accelerant in the closet.

13. The property at 286 Standish Road is located within

the boundary of the Cape Cod National Seashore and is owned by the Federal Government.

14. Also on December 15, police discovered evidence that a person or persons had attempted to break into yet another residence in the vicinity of the fire at 286 Standish Road. Specifically, the police observed fresh tire tracks in the snow-covered driveway of a residence approximately 100 yards from the Standish Road fire. The police also observed a single set of fresh footprints that led from the tire tracks to the side door of the residence. The footprint had a distinct impression. The word "Propet," which is a brand of footwear, was clearly visible in the impression. Police also observed pieces of snow from the bottom of a shoe on the threshold between the storm door and the main door. The word "Propet" was clearly visible there as well. It appeared that the main door had been kicked but had not given way. Police officers made cast impressions of both the tire tracks and the foot prints at this location.

15. At approximately 6:32 p.m., _i.e._ approximately fifty minutes before the police discovered the fire at Standish Road, Eastham Police Officers had a brief interaction with two individuals in a white Honda Accord on Doane Road in the Town of Eastham. The Honda Accord bore Massachusetts Registration

Number 77MV50. The driver of the Honda was a thin white man with a crew cut. The passenger was a white man with dark hair approximately 1-3 inches in length. The two men in the Honda stopped at a location where the road was partially closed due to a previous accident. One of the Eastham police officers then engaged the driver in conversation. Because the Eastham officer was aware that a white Honda had been seen at the scene of one of the November 27 fires in Dennis, he preserved the tire tracks left by the Honda on Doane Road. Later on December 15, investigators made cast impressions of the tire tracks left by the white Honda on Doane Road.

16. One of the same Eastham police officers who observed the white Honda on Doane Road at 6:32 p.m on December 15, saw the same car being driven by the same person again at approximately 7:21 p.m. At that time, the car was traveling south on Route 6 in Eastham, i.e. away from the vicinity of the fire.

17. According to records maintained by the Registry of Motor Vehicles ("RMV"), Massachusetts Registration Number 77MV50 corresponds to a 1991 white Honda Accord, four-door sedan registered to Jordan McCarroll, who was born in 1980 and resides at 147 County Street, Lakeville, Massachusetts. Both Eastham officers who observed the RMV photograph of Jordan

McCarroll and have stated that he was the passenger of the white Honda they observed on December 15. On December 16, 2004, Dennis police officers went to 147 County Street in Lakeville and observed, in the driveway, a 1991 white Honda Accord, four-door sedan bearing Massachusetts Registration Number 77MV50. The car had a sun-roof.

18. According to records maintained by the Massachusetts Criminal History Systems Board, Jordan McCarroll, who resides at 147 County Road and was born in 1980, was charged with burning a dwelling house in Plymouth Superior Court on May 3, 2004. That charge is pending. He was convicted in Taunton District Court of two counts of breaking and entering a dwelling during the night with intent to commit a felony on July 14, 2003. Four counts of breaking and entering a dwelling during the night with intent to commit a felony are currently pending against McCarroll in Barnstable Superior Court.

19. Police investigators have compared the cast impressions of the tire tracks found in the vicinity of the Standish Road fire and the photographs of the tire tracks found at the scene of that fire with the cast impressions taken of the tires on McCarroll's car in Eastham. It is the judgment of those investigators that same tires made the

tracks at each of the above locations.

20. Based on my training and experience as an arson investigator, arsonists who employ accelerants to set fires often inadvertently carry away traces of such accelerant on their clothing and footwear. Such traces of accelerant can be discovered through forensic analysis of such clothing and footwear.

21. Based on the foregoing, I have probable cause to believe that Jordan McCarroll maliciously damaged by means of fire a building and other personal or real property in whole or in part owned or possessed by the United States, or any department or agency thereof, on December 15, 2004, in violation of 18 U.S.C. §844(f)(1).

_____
JOSEPH K. GRANATINO
Special Agent, ATF

Sworn and subscribed to before me this 17 day of December, 2004

_____
ROBERT B. COLLINGS
U.S. Magistrate Judge